UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

C.L.,

Plaintiff,

v.

MARTIN J. O'MALLEY,

Defendant.

Case No. 22-cv-06035-LB

**ORDER GRANTING ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B)**

Re: ECF No. 28

## INTRODUCTION

The court previously granted the plaintiff's motion for summary judgment and remanded the action to the Social Security Administration for further proceedings.[1] On remand, the plaintiff received a past-due benefits award.[2] Her counsel now seeks fees of $14,260.50, which is within the 25-percent limit in 42 U.S.C. § 406(b) and the representation agreement with her client.[3] The Commissioner does not oppose.[4] The court can decide this matter without oral argument. *See* Civil L.R. 7-1(b). The court grants the motion.

[1] Order – ECF No. 24 at 1, 28. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] SSA Notices – ECF No. 28-5; *see also* Siegfried Decl. – ECF No. 28-2 at 2 (¶ 6).

[3] Mot. – ECF No. 28.

[4] Comm'r's Resp. – ECF No. 30.

United States District Court
Northern District of California

**STATEMENT**

The Commissioner awarded the plaintiff $57,042 in retroactive benefits. In the notice of award, the Commissioner informed the plaintiff that the agency was withholding $14,260.50 — 25 percent of the past-due benefits (what it usually withholds) — in case her attorney sought a fee, which the agency must first approve.[5] The plaintiff also has a fee agreement with her lawyer that provides for a 25-percent contingency fee of the award as of the final decision, which makes $14,260.50 the relevant amount.[6] The court previously awarded $10,500 in attorney's fees under the Equal Access to Justice Act (EAJA).[7]

The plaintiff's attorney now seeks $14,260.50 in fees, which is within 25 percent of $57,042.[8] The Commissioner filed a response to the plaintiff's motion asking the court to order the plaintiff's counsel to refund the EAJA fees to the plaintiff.[9] The plaintiff's attorney agrees that fees payable under 42 U.S.C. § 406(b) are subject to offset by the EAJA fees.[10]

**ANALYSIS**

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25-percent fee based upon

---

[5] SSA Notices – ECF No. 28-5; *see also* Siegfried Decl. – ECF No. 28-2 at 2 (¶ 6).

[6] Fee Agreement – ECF No. 28-4.

[7] Order – ECF No. 27.

[8] Mot. – ECF No. 28 at 4, 8.

[9] Comm'r's Resp. – ECF No. 30 at 2–3.

[10] Mot. – ECF No. 28 at 2.

United States District Court
Northern District of California

any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under § 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate the reasonableness of a fee request under § 406(b), the court considers the character of the representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25 percent in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808). If an attorney "is responsible for delay. . . a reduction [of fees] is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (cleaned up); *see also Crawford*, 586 F.3d at 1151.

The court must offset an award of § 406(b) attorney's fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

The 25-percent contingency-fee agreement is within § 406(b)(1)(A)'s ceiling, and the amount is reasonable.

**CONCLUSION**

The court finds that a fee award of $14,260.50 is reasonable under § 406(b). The plaintiff's counsel must refund the plaintiff the EAJA fees of $10,500, which results in a net (remaining) fee award of $3,760.50.

**IT IS SO ORDERED.**

Dated: September 17, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California